# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-2033-GW-SHKx | Date | November 25, 2019 |
|---|---|---|---|
| Title | *Miguel Romero v. Carpenter Co., et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND; VACATING HEARING; REMANDING ACTION TO STATE COURT**

A motion to remand is set for hearing in this matter on Monday, December 2, 2019. That hearing is vacated, *see* C.D. Cal. L.R. 7-15, the motion is granted in part, and the matter is remanded to Riverside County Superior Court.

Carpenter Co. ("Defendant") has not met the high standard necessary to satisfy the Ninth Circuit's fraudulent joinder test. Consequently, the parties in this action are not completely diverse, and there is no basis for this Court's subject matter jurisdiction.

In brief, even if the allegations Miguel Romero ("Plaintiff") has presently pled against non-diverse defendant Lily Myrick were insufficient to state a claim for intentional infliction of emotional distress ("IIED"), the Court would offer Plaintiff an opportunity to amend. This necessarily means that fraudulent joinder does not apply here. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018); *Shanks v. L-3 Commc'ns Vertex Aerospace LLC*, CV 19-06313, 2019 WL 5389892, *6 (C.D. Cal. Oct. 21, 2019); *see also Rios v. Wells Fargo Bank*, No. CV 17-7449-R, 2018 WL 704366, *2-3 (C.D. Cal. Feb. 5, 2018); *Hayes v. TJX Cos., Inc.*, No. 2:17-cv-07182-ODW-JC, 2018 WL 619876, *4-6 (C.D. Cal. Jan. 29, 2018).

As for Defendant's Workers' Compensation Act-based preemption argument, Defendant's own Opposition brief admits to a lack of clarity in California decisions as to the full scope of such preemption, and to there being ways for plaintiffs to plead around any such preemption. *See* Docket No. 11, at 7:28-12:6. Any ambiguities in state law are resolved in favor of a plaintiff being able to plead a claim *and*, again, under *Grancare*, Plaintiff could attempt to amend his IIED claim to take advantage of

Initials of Preparer    JG        :

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-2033-GW-SHKx | Date | November 25, 2019 |
|---|---|---|---|
| Title | *Miguel Romero v. Carpenter Co., et al.* | | |

the wiggle room some courts still perceive in this area. Once again, therefore, the test for fraudulent joinder has not been satisfied.

In light of the foregoing, the Court grants Plaintiff's motion to remand and remands the action back to Riverside County Superior Court. However, the Court declines Plaintiff's request for attorney's fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

It is so ordered.

_____ : _____

Initials of Preparer    JG